IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF WEST VIRGINIA
MARTINSBURG

AUBREY E. HENRY and
DEBORAH V. HENRY,

PLAINTIFFS,

v.                                                    CIVIL ACTION NO.: 3:06CV-33
                                                      (Honorable John Preston Bailey)


JEFFERSON COUNTY COMMISSION,
JEFFERSON COUNTY PLANNING
AND ZONING COMMISSION,
SHEPHERDSTOWN MEN'S CLUB
FOUNDATION, INC., LEDGE LOWE
HOMEOWNERS' ASSOCIATION,
WILLIAM E. LEWANDOWSKI,
JOYCE ANN LEWANDOWSKI,
MIRIAM WILSON, RICHARD SUPER,
DAN MARKEN, JOHN SIMS, THOMAS
KANE, AND JOHN DOES I-V,

DEFENDANTS.



## AGREED ORDER REGARDING DEFENDANTS' AUTHORIZATION TO OBTAIN MENTAL HEALTH RECORDS OF PLAINTIFF AUBREY HENRY

On the 8th day of February, 2008, came the plaintiff, by his counsel, John Yoder and J.

Jeaneen Legato, and also came the Defendants Jefferson County Commission, Jefferson County

Planning and Zoning Commission, William E. Lewandowski, Dan Marken, John D. Sims and

Thomas Kane, by their counsel, Tamara J. DeFazio and the law firm of Shuman, McCuskey &

Slicer, PLLC, and also came Defendants Shepherdstown Men's Club Foundation, Inc., Ledge

Lowe Homeowner's Association, Joyce Ann Lewandowski, Miriam Wilson and Richard Super,

by their counsel, Braun A. Hamstead, Esquire, to hereby jointly represent to the Court that, based

upon the allegations set forth in Plaintiffs' Second Amended Complaint, they have stipulated and

1

agreed that the defendants are authorized to obtain photocopies of Plaintiff Aubrey Henry's mental health records.

After giving due consideration to the representations of counsel and perceiving no objection thereto, this Court is of the opinion to and does hereby ORDER that defendants, by their counsel, are authorized and permitted to obtain photocopies of the mental health records of Plaintiff Aubrey Henry maintained by any healthcare facility, mental health center or other medical provider, including any counselor, psychiatrist or psychologist, created and maintained during the past fifteen (15) years and this Court hereby indicates its approval of the Authorization For Disclosure Of Protected Healthcare Information, a copy of which is attached to this Order.

This Court further ORDERS that Plaintiff Aubrey Henry execute said Authorization and provide it to counsel for defendants within ten (10) days of the entry of this Order.

This Court likewise makes the following findings of fact and conclusions of law pursuant to the stipulation of counsel and West Virginia Code Section 27-3-1:

1. Plaintiff Aubrey Henry's mental health records, including records relating to his counseling, psychological and/or psychiatric treatment, are relevant to this proceeding as Plaintiff Aubrey Henry has directly put his mental health condition into controversy for purposes of this litigation;

2. The foregoing records cited herein are sufficiently relevant to this proceeding to outweigh the importance of maintaining the confidentiality of said records and this Court has reached this conclusion after balancing the interests in maintaining such confidentiality with the relevance of such records to this proceeding; and

2

3. It is clear that the interests of all parties to this civil action require the production of plaintiff Aubrey Henry's mental health records, including any records maintained with respect to any psychological treatment, psychiatric treatment or counseling he may have received within the past fifteen (15) years.

This Court further ORDERS that all records collected pursuant to this Order be and the same are expressly made subject to the following Stipulated Confidentiality Agreement and Protective Order.

1. All mental health information, mental health records or other healthcare documents pertaining to mental health information produced by any healthcare provider or any party be marked "Confidential-Subject To Protective Order" as they are provided by the parties and all information, records and documents produced by said parties which are so marked shall be used solely for purposes of this civil action;

2. Each party to the instant civil action, their representatives, their attorneys, their attorneys' representatives, experts, and consultants shall be and are hereby prohibited from disclosing or disseminating to any other person, firm or corporation the confidential information, records and/or documents produced pursuant to this protective order and/or identified by any party as confidential and subject to this protective order, absent further order from the Court and except as provided herein for experts retained by parties to consult or testify in this matter;

3. Confidential information and records and/or documents containing information of a confidential nature may be disclosed to any expert retained by a party to consult or testify in this matter if, before disclosing any such confidential material, counsel shall have obtained from such expert his or her signature to an agreement that he or she has reviewed this Order and agrees to abide by the same. Counsel for the parties and the parties themselves shall be responsible to the Court for the strict observance of this Order by any expert retained by a

party to consult or testify in this matter and understand that a violation of this order may result in the imposition of sanctions by the Court;

4. To the extent that any deposition testimony concerns confidential information, records and/or documents, that portion of the deposition transcript shall be sealed and any confidential records and/or documents marked as exhibits to depositions shall also be sealed;

5. Confidential information and records and/or documents containing information of a confidential nature may be used in the course of any trial of this action, but to the extent that the transcript of such trial or any exhibits submitted for identification and/or into evidence at trial contain confidential information, such transcript and exhibits shall be treated as confidential and shall be deemed to be confidential material subject to this Order to the extent approved and ordered by the Court. In the event that any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use;

6. At the conclusion of this matter, all documents marked "Confidential-Subject To Protective Order" shall be returned to counsel for plaintiffs, together with an attestation that no portion of the confidential information, records and/or documents were revealed, disseminated or reproduced in violation of the provisions of this protective order. Counsel for a party shall retrieve any copies of the confidential information, records and/or documents disseminated to experts retained to consult or testify in this matter and return them to counsel for plaintiff Aubrey Henry. With respect to attorney notes or work product placed by counsel upon records and/or documents containing information of a confidential nature, counsel is permitted to destroy said records and/or documents so long as counsel does so within a reasonable period of time after this action is finally concluded, including the exhaustion of any appellate proceedings, and submits to counsel for plaintiffs an Affidavit attesting to the

destruction of the claimed confidential documents and setting forth the date of destruction and the method of destruction; and

7. If the Authorization, as executed by Aubrey Henry, is provided to any third-parties other than healthcare providers, consulting experts, testifying experts or parties to the instant civil action, their counsel or other authorized representatives, or if the Authorization, as executed by Aubrey Henry, is made a part of the public record, then the party transmitting the Authorization shall be responsible for redacting Aubrey Henry's social security number and date of birth from the document.

Enter this the _12th_ day of ___February___, 2008.

_____
Judge John Preston Bailey

Approved for Entry:

_____
Tamara J. DeFazio
W.Va. State Bar Id. No. 5130

**Shuman, McCuskey & Slicer, PLLC**
102 Venture Drive, Suite 11
Morgantown, WV 26508
Telephone No.: (304) 291-2702
Facsimile No.: (304) 291-2840.
tdefazio@shumanlaw.com
**Counsel For Defendants**
**Jefferson County Commission,**
**Jefferson County Planning and**
**Zoning Commission, William**
**E. Lewandowski, In His Official**
**Capacity, Dan Marken, John D. Sims**
**and Thomas Kane**

_John Yoder, Esquire_
W. Va. State Id. No.: 5624

433 Prospect Avenue
P. O. Box 940
Harpers Ferry, WV  25425-0940
Telephone No.:  304-535-6842
Facsimile No.:  304-535-2809
attorneyyoder@aol.com
**Co-Counsel for Plaintiffs**


_J. Jeaneen Legato, Esquire_
W. Va. State Id. No.: 6978

1325 Turley Road
Charleston, WV  25314
Telephone No.: 304-344-2869
Facsimile No.: 304-344-2869
jeaneenlegato@yahoo.com
**Co-Counsel for Plaintiffs**

Braun A. Hamstead, Esquire
W.Va. State Bar Id. No.1568

**Hamstead & Associates, Inc.**
1802 West King Street
Martinsburg, WV 25401
Telephone No.: 304-262-8390
Facsimile No.: 304-262-8394
bhamstead@hamsteadandassociates.com
**Counsel for Defendants**
**Shepherdstown Men's Club**
**Foundation, Inc., Joyce Ann**
**Lewandowski, William E.**
**Lewandowski, In His Personal**
**Capacity, Miriam Wilson,**
**Richard Super and Ledge Lowe**
**Homeowner's Association**